UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

        v.        5:08-CR-174

DAVID HALL,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. ANDREW T. BAXTER<br>Office of the United States Attorney<br>Attorneys for the United States of America<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | LISA M. FLETCHER, ESQ.<br>Assistant United States Attorney |
| LISA A. PEEBLES, ESQ.<br>Attorney for Defendant<br>Office of the Federal Public Defender-Syracuse Office<br>Districts of Northern New York & Vermont<br>The Clinton Exchange, 3rd Floor<br>4 Clinton Square<br>Syracuse, NY 13202 | |

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Defendant David Hall ("defendant") was charged with one count of traveling in interstate commerce and thereafter knowingly failing to register and update his sex offender registration in violation of 18 U.S.C. § 2250(a). Defendant moved to dismiss the Indictment on various grounds, including that the federal sex offender registration requirement codified under 42 U.S.C. § 16913 exceeded Congress's power under the Commerce Clause. On

September, 23, 2008, defendant's motion was granted and the Indictment was dismissed. United States v. Hall, 577 F. Supp. 2d 610, 623 (N.D.N.Y. 2008). The United States of America (the "Government") now moves for reconsideration and requests reinstatement of the Indictment. Defendant opposes.

## II. BACKGROUND

Prior to being charged, defendant stated in an interview for public assistance benefits that he had moved from New York to Virginia and then ultimately returned to New York. Despite his duty under state and federal law to register as a sex offender and regularly update his registration, there is no record that defendant notified the Virginia or New York State Sex Offender Registries after establishing new residences in each state. On April 3, 2008, the Government filed a complaint charging defendant with failing to register as required by the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §16913 ("§ 16913"), after traveling in interstate commerce in violation of the federal criminal penalty statute, 18 U.S.C. § 2250(a) ("2250(a)"). On April 9, 2008, a grand jury indicted defendant on one count of knowingly failing to update his sex offender registration after traveling in interstate commerce in violation of § 2250(a).

With respect to the Commerce Clause challenge, defendant's argument rested upon the fact that the national sex offender registration requirements created under § 16913 serve as a predicate for conviction pursuant to § 2250(a). See 18 U.S.C. § 2250(a). While § 2250(a) includes a jurisdictional hook requiring defendants either travel in interstate commerce or be convicted of a federal law sex offense before being held criminally liable for failing to update their sex offender registration, the requirement to initially register as a sex offender and maintain one's registration under § 16913 extends to all sex offenders,

regardless of whether they travel in interstate commerce or were convicted of a purely state sex offense. See 42 U.S.C. § 16913.  Defendant argued that § 16913 violated the Commerce Clause because Congress lacked the authority to create a national sex offender registration requirement for sex offenders who did not travel across state lines or who were not convicted of federal law sex offenses.  In response, the Government contended that the jurisdictional hook within § 2250(a) was sufficient to uphold § 16913 despite the latter statute's broader application to sex offenders who did not travel in interstate commerce.  Further, the Government argued that, in any event, the regulated activity substantially affected commerce so as to fall within Congress's authority under the Commerce Clause.

It was held that Congress exceeded its authority under the Commerce Clause because § 16913 created a federal duty for all sex offenders to update their registration even if they did not travel in interstate commerce.  Hall, 577 F. Supp. 2d at 620-22.  Consequently, § 2250(a) was found to be unconstitutional because the duty to register pursuant to § 16913 was a required element for his conviction under the criminal penalty statute. Id. at 622.

The Government now submits a number of new arguments in favor of the constitutionality of §§ 2250(a) and 16913, including (1) the aggregate effect of the regulated intrastate activity upon interstate commerce; (2) Congress's authority to enact § 16913 under its spending power; (3) Congress's authority to enact legislation pursuant to the Necessary and Proper Clause; and (4) that defendant actually traveled in interstate commerce before failing to register under SORNA, thereby rendering the statute valid as applied to him.

## III.  **MOTION FOR RECONSIDERATION**

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3)

it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. new York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)).  The question presented is therefore limited to whether the prior decision constituted a clear error of law as the Second Circuit and United States Supreme Court have yet to consider the constitutionality of SORNA and there are no new evidentiary issues.

Shortly after the Government filed its memorandum of law on October 3, 2008 in support of its motion for reconsideration, the decision in United States v. Guzman, ___ F. Supp. 2d ___, No. 5:08-CR-409 (DNH), 2008 WL 4601446 (N.D.N.Y. Oct. 17, 2008) was issued.  Like the defendant in Hall, the defendant in Guzman was indicted under § 2250(a) for failing to update his sex offender registration after traveling across state lines and thereafter challenged the scope of Congress's authority to create a national sex offender registration requirement pursuant to the Commerce Clause.  See Guzman, 2008 WL 4601446, at *2.  Each of the new arguments now raised by the Government were also raised in Guzman. See id. (summarizing the arguments raised in Guzman).  Additionally, the Government cites the same case law and asserts the same rationale as was considered in Guzman for each of its arguments in support of upholding § 16913 as constitutional.  For the same reasons delineated in the Guzman decision, none of the Government's new arguments are persuasive.  Therefore, the Government's motion for reconsideration will be denied.

With respect to the spending powers argument in particular, although not raised in the Government's response to defendant's motion to dismiss the Indictment, that argument was nonetheless previously considered and rejected as a constitutional basis for enacting § 16913. See Hall, 577 F. Supp. 2d at 622.  The Government has now asserted and cited

United States v. Cardenas, 2007 WL 4245913, No. 07-CR-80108 (S.D. Fla., Nov. 29, 2007) in support of its motion for reconsideration, however, the Hall decision also took note of Cardenas as an example of a district court decision upholding § 16913 under Congress's spending power. See Hall, 577 F. Supp. 2d at 622.  The Cardenas court interpreted § 16913 as a form of encouragement for the states to enact SORNA's registration requirements themselves and explained that "it remains the prerogative of the States to implement SORNA." Cardenas, 2007 WL 4245913, at *12.  As stated in the Hall decision, the Government's argument for why this Court should adopt the Cardenas court's reasoning is at odds with the Government's contention that SORNA applies despite the states' failure to implement SORNA's registration requirements. See Hall, 577 F. Supp. 2d at 622.

By asserting its spending powers argument, the Government argues for two inconsistent holdings–to uphold § 16913 as constitutional because it represents nothing more than "encouragement to state action" in return for federal funds, while at the same time holding that § 16913 applies to sex offenders despite the states' failure to implement the statute's registration requirements. See 42 U.S.C. § 16925(a) (cutting ten percent of otherwise provided federal funds for any state which fails to implement SORNA's registration requirements); Cardenas, 2007 WL 4245913, at *12 (upholding § 16913 because it is only "encouragement to state action").  Unlike the other new arguments raised in support of the instant motion for reconsideration that were not considered until the Guzman decision, the Government was aware of the holding with respect to the spending powers argument because it had already been considered in the Hall decision. See Hall, 577 F. Supp. 2d at 622.  Nevertheless, the Government has failed to offer any additional arguments why the spending powers issue was wrongly decided or how the Cardenas decision can be

reconciled with the Government's contention that § 16913 applies without state implementation of the federal registration requirements. Compare Government Mem. Supp. Mot. Recons., 4 with Hall, 577 F. Supp. 2d. at 622.

## IV. CONCLUSION

The Government has failed to establish that the prior decision was a clear error of law. All of the Government's new arguments in support of its motion for reconsideration were also raised in Guzman, 2008 WL 4601446, which also concluded that Congress exceeded its power when enacting § 16913 and that defendant could properly challenge his indictment as unconstitutional despite having traveled across state lines. Additionally, the Government after being aware that its argument had been rejected declined the opportunity to present additional legal grounds for why § 16913 could be enacted pursuant to the spending powers clause.

THEREFORE, it is

ORDERED that

1. The Government's motion for reconsideration is GRANTED; and

2. Upon reconsideration, the Government's request to reinstate the Indictment is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 4, 2008
       Utica, New York.